UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. _____

CHANNEL TRADE FINANCE 2 SPC,
a Cayman Islands company,
on behalf of and for the accounts of
TF ARRAN2 SP and TF 2.1 SP,

     Plaintiff,

v.

TESSPAY SERVICES, INC., a Delaware corporation,

and

TESSPAY FINANCE, INC., a Delaware corporation,

and

JEFF MASON, a citizen of Florida,

     Defendants.

_____/

## COMPLAINT

Plaintiff, Channel Trade Finance 2 SPC ("Channel"), on behalf of and for the separate accounts of TF ARRAN2 SP and TF 2.1 SP, by and through its undersigned counsel, hereby files its Complaint against Defendants TessPay Services, Inc. ("TessPay Services"), TessPay Finance, Inc. ("TessPay Finance"; collectively with TessPay Services, the "TessPay Companies"), and Jeff Mason ("Mason").

## THE PARTIES

1.     Channel is an exempted company incorporated with limited liability and registered as a segregated portfolio company under the laws of the Cayman Islands.

2.     TessPay Services is a Delaware corporation with its principal office located at 9160 Forum Corporate Parkway, Suite 350, Fort Myers, Florida.

3.      TessPay Finance is a Delaware corporation with its principal office located at 9160 Forum Corporate Parkway, Suite 350, Fort Myers, Florida.

4.      Mason is an individual residing at 18281 Via Caprini Drive, Miromar Lakes, Florida  33913.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the TessPay Companies are citizens of Florida by virtue of maintaining their principal office in this Division and because Mason maintains his principal residence in this Division.

## FACTS

7.      TessPay Services operates a platform through which telecommunications companies purchase and resell minutes to other telecommunications companies ("TessPay Platform").

8.      TessPay Finance purchases invoices issued by TessPay Services in connection with agreements with telecommunications providers using the TessPay Platform, then resells those invoices to other telecommunications providers.

9.      Channel is engaged in the business of factoring.

10.     Channel and the TessPay Companies entered into an Amended and Restated "Factor" Factoring Agreement effective August 22, 2022 ("Agreement"), through which Channel purchased invoices from TessPay Finance generated on TessPay Services's platform.  A true and correct copy of the Agreement is attached as Exhibit A.

11.     The funds Channel used to purchase invoices from TessPay Finance were advanced

through two different portfolios, referred to as "TF ARRAN2 SP ("Portfolio 1") and TF 2.1 SP ("Portfolio 2").

12. The purchase price for the invoices was the face value of each invoice less the "Factoring Fee" defined in the Agreement, less certain other amounts specified in Section 3.2 of the Agreement.

13. Effective July 26, 2021, Mason entered into a Conditional Guaranty ("Guaranty") with Channel. A copy of the Guaranty is attached as Exhibit B.

14. The Guaranty states that Mason "guarantees the Guaranteed Debt," which is generally defined on pages 1-2 as all obligations that become due from TessPay Finance to Channel, together with legal fees and costs incurred by Channel in enforcing its rights as against TessPay Finance and Mason, plus interest on the entire amount.

15. TessPay Services was required to include specific language on each of the invoices purchased on the TessPay Platform advising the purchaser to make payments to Portfolio 1 or Portfolio 2, as the case may be. *See* Agreement, Section 3.3(a).

16. The Agreement provided Channel with recourse against TessPay Finance in the event certain circumstances occurred, including "fraud by TessPay Services personnel" and the withholding of payment "for reasons related to a purported or actual breach of [an] agreement between" a carrier and TessPay Finance. *See* Agreement, Section 3.6(a).

17. In the event one or more of the conditions specified in Section 3.6(a) occurred, TessPay Finance was obligated, among other things, to repurchase from Channel any part of the invoices that were unpaid.

18. Additionally, Channel has the right under the Agreement to declare all amounts owed by TessPay Finance immediately due and payable and require TessPay Finance to repurchase any unpaid invoices if an event of default occurred. *See* Agreement, Section 8.2.

3

19.     Numerous events of default have occurred, including:

     a.     TessPay Finance has failed to make payments to Channel when due (Section 8.1(a));

     b.     Carriers have failed to make payments when due (Sections 8.1(b) and (c));

     c.     TessPay Finance has breached provisions of the Agreement, as described herein (Section 8.1(e)); and

     d.     A Material Adverse Effect has occurred (Section 8.1(o));

20.     Certain carriers ceased making payments as a result of TessPay Finance's alleged breaches of its contracts with those carriers, thereby triggering one of the conditions specified in Section 3.6(a) of the Agreement requiring TessPay Finance to repurchase from Channel the unpaid invoices of those carriers.  TessPay Finance has failed and refused to do so, however.

21.     Additionally, personnel of TessPay Services, including Mason, agreed to a separate arrangement through which payments from certain carriers were diverted from Channel to a different company, thereby giving Channel recourse against TessPay Finance under Section 3.6(a)(i).

22.     Personnel of TessPay Services, including Mason, also arranged for funds that should have been paid to Channel to be paid to a different lender to satisfy a separate debt.

23.     TessPay Services also failed to include the contractually-required information directing that payments should be made to Channel, as required by Section 3.3(a) of the Agreement.  As a result, payments that should have properly been made to Channel were diverted elsewhere.

24.     Mason's obligations under the Guaranty become effective when funds in which Channel has an interest are used for a "fraudulent purpose," which is generally defined in Section 2 as a purpose that is not approved by Channel and that is conducted in an

"intentionally fraudulent manner."

25.     Mason, an officer and director of the TessPay Companies and other affiliated entities, knew and approved of the diversion of funds in which Channel had, and continues to have, an interest to a different entity.  Mason knew those funds should have been paid to Channel and knowingly permitted the funds to be diverted despite that Channel relied on Mason and other employees of the TessPay Companies to ensure payments were made properly.  Channel did not approve the use of its funds in this manner, and the use was carried out in an intentionally fraudulent manner, as that term is defined in the Guaranty.  As a result, Mason's obligations under the Guaranty have become effective.

26.     In addition to failing to make appropriate payments under the Agreement, TessPay Finance has failed for several months even to make interest payments on the amounts it owes.

27.     TessPay Finance ceased making payments to Channel when due and, despite demands from Channel, has failed to make payments due to Channel under Portfolio 2 in the total amount of $9,148,490.29 as of January 1, 2025, with interest continuing to accrue thereon.

28.     TessPay Finance also ceased making payments to Channel when due and, despite demands from Channel, have failed to make payments due to Channel under Portfolio 1 in the total amount of $5,282,110.97 as of January 1, 2025, with interest continuing to accrue thereon.

## COUNT 1: BREACH OF CONTRACT (TESSPAY FINANCE)

29.     Channel incorporates the foregoing allegations as if fully set restated herein.

30.     The Agreement is a valid and binding contract between Channel, TessPay Finance and TessPay Services.

31.     Channel has fully performed its obligations under the Agreement.

32.     TessPay Finance has failed to perform its obligations under the Agreement by failing to make payments to Channel when due.

33.     As a result of TessPay Finance's breach of the Agreement, Channel has been injured and suffered damages in the amount of $14,430,601.30, exclusive of interest after January 1, 2025, together with its fees and costs, and with interest accrued after January 1, 2025.

## COUNT 2: BREACH OF CONTRACT (TESSPAY SERVICES)

34.     Channel incorporates the foregoing allegations as if fully set restated herein.

35.     The Agreement is a valid and binding contract between Channel, TessPay Finance and TessPay Services.

36.     TessPay Services has breached the Agreement by failing to include contractually-required language directing carriers to make payments directly to Channel.

37.     As a result of TessPay Services' breach, Channel has been injured as a result of payments being diverted from Channel to other recipients of payments from carriers.

## COUNT 3: BREACH OF CONTRACT (MASON)

38.     Channel incorporates the foregoing allegations as if fully set restated herein.

39.     The Guaranty is a valid and binding contract between Channel and Mason.

40.     Mason's obligations under the Guaranty have become effective as a result of the use of funds in which Channel has an interest being used for a "fraudulent purpose," as defined in the Guaranty and as described above.

41.     Mason has failed to pay the amount he owes pursuant to the Guaranty.

42.     Channel has been injured as a result of Mason's breach of the Guaranty and is entitled to recover from him, individually, the same amount Channel is entitled to recover from TessPay Finance.

## COUNT 4: BREACH OF CONTRACT; FEES AND COSTS (TESSPAY FINANCE)

43.     Channel incorporates the foregoing allegations as if fully set restated herein.

44.     Pursuant to Section 17.1(b) of the Agreement, TessPay Finance is obligated to pay

to Channel its reasonable or necessary legal fees and "any costs associated with the enforcement of, or preservation of any rights of [Channel] under, the terms of this Agreement and the Transaction Documents."

45.    Channel has incurred, and continues to incur, costs in the form of legal fees and other costs associated with enforcing its rights under the Agreement.

46.    TessPay Finance has failed to pay, and continues to fail to pay, Channel for its legal fees and costs incurred.

47.    As a result, TessPay Finance is in breach of Section 17.1 of the Agreement.

48.    Channel is entitled to recover from TessPay Finance its reasonable legal fees and costs associated with enforcing its rights under the Agreement, including its fees and costs associated with this action.

## COUNT 5: BREACH OF CONTRACT (MASON)

49.    Channel incorporates the foregoing allegations as if fully set restated herein.

50.    The Guaranty requires Mason to pay to Channel "all actual costs, legal expenses and attorneys' and paralegals' fees of every kind" incurred by Channel in enforcing its rights under the Agreement and the Guaranty.

51.    Mason has failed to pay, and continues to fail to pay, Channel for its legal fees and costs incurred.

52.    As a result, Mason is in breach of the Guaranty.

53.    Channel is entitled to recover from Mason its actual costs and legal fees associated with enforcing its rights under the Agreement and the Guaranty, including its fees and costs associated with this action.

WHEREFORE, Channel demands judgment against Defendants for damages in the amount of $14,430,601.30, its attorneys' fees and costs, pre- and post-judgment interest thereon, and for

such other and further relief as this Court deems proper and just.

Dated March 3, 2025.

Respectfully submitted,

**DICKINSON WRIGHT PLLC**
350 East Las Olas Blvd., Suite 1750
Fort Lauderdale, FL 33301
Tel.:  (954) 991-5420
Fax:  (844) 670-6009
*Attorneys for Plaintiff*

/s/ *H. Steven Vogel*
H. Steven Vogel
Florida Bar No. 432784
E-mail: hvogel@dickinsonwright.com

Brian M. Johnson
**DICKINSON WRIGHT PLLC**
300 West Vine Street, Suite 1700
Lexington, KY  40507
Tel.:  (859) 899-8700
*Of Counsel for Plaintiff*