**EXHIBIT "B"**

*DW Guaranty Execution Version – July 26, 2021*

## CONDITIONAL GUARANTY

**THIS CONDITIONAL GUARANTY** dated as of **July 26, 2021** (the "**Guaranty**"), is executed by JEFFREY F MASON (the "**Guarantor**"), whose address is **18281 Via Caprini Dr., Miromar Lakes FL 33913, USA**, to and for the benefit of CHANNEL TRADE FINANCE 2 SPC, an exempted company incorporated and registered as a segregated portfolio company under the laws of the Cayman Islands having its registered office at the offices of Walkers Fiduciary Limited, 190 Elgin Avenue, Grand Cayman KY1-9008, Cayman Islands, (the "**SPC**") ON BEHALF OF AND FOR THE ACCOUNT OF TF ARRAN2 SP, one of its segregated portfolios (the "**Portfolio**"), its successors and/or assigns (together with any of its affiliate or subsidiary corporations, or their successors or assigns, being collectively referred to herein as the "**Lender**").

**AND WHEREAS, TESSPAY, INC.**, a corporation incorporated under the laws of Delaware, USA, with company registration number 823194114 and having its registered address at 9160 Forum Corporate Parkway, Suite 350, Fort Myers, FL 33905 ("**TessPay**") operates a platform to allow selected telecommunications companies to securely purchase minutes from telecommunications companies and to resell such minutes to other telecommunications companies;

**AND WHEREAS, TESSPAY FINANCE, INC.**, a corporation incorporated under the laws of Delaware, USA, with company registration number 842372571 and having its registered address at 9160 Forum Corporate Parkway, Suite 350, Fort Myers, FL 33905 ("**TessPay Finance**") sells invoices issued by TessPay on behalf of selected telecommunications companies to other telecommunications companies;

**AND WHEREAS**, the Lender, TessPay and TessPay Finance entered into a factoring agreement dated, April 14, 2021 (the "**Factoring Agreement**"), whereby the Lender will advance funds to TessPay Finance for the purchase of approved invoices generated by TessPay;

**AND WHEREAS**, it is a condition of the Factoring Agreement that the Guarantor guarantee certain advances made by the Lender under the Factoring Agreement;

**AND WHEREAS**, the Guarantor is an officer and director of TessPay and TessPay Finance, and desires the Lender to extend or continue to extend credit to TessPay Finance, and is willing to guarantee the extension and continued extension of credit to TessPay Finance by the Lender as consideration for the Lender's extension or continued extension of credit to TessPay Finance;

**AND WHEREAS,** the extension or continued extension of credit, as aforesaid, by the Lender is necessary and desirable to the conduct and operation of the business of TessPay and TessPay Finance and will inure to the financial benefit of the Guarantor;

**NOW, THEREFORE, FOR VALUE RECEIVED**, it is agreed that the preceding provisions and recitals are an integral part hereof and that this Guaranty shall be construed in light thereof, and in consideration of advances, credit or other financial accommodation heretofore afforded, concurrently herewith being afforded or hereafter to be afforded to TessPay Finance by the

1

Lender, the Guarantor hereby guarantees to the Lender or other person paying or incurring the same, irrespective of the validity, regularity or enforceability of any instrument, writing, arrangement or credit agreement relating to or the subject of any such financial accommodation, the prompt payment in full of: (a) any and all indebtedness, obligations and liabilities of every kind and nature of TessPay Finance to the Lender (including all indebtedness, obligations and liabilities of partnerships created or arising while TessPay Finance may have been or may be a member thereof), howsoever evidenced, whether now existing or hereafter created or arising, direct or indirect, primary or secondary, absolute or contingent, due or to become due, joint, several or joint and several, and howsoever owned, held or acquired, whether through discount, overdraft, purchase, direct loan or as collateral, or otherwise, *plus* (b) all actual costs, legal expenses and attorneys' and paralegals' fees of every kind (including those actual costs, expenses and fees of attorneys and paralegals who may be employees of the Lender, its parent or affiliates), paid or incurred by the Lender in endeavoring to collect all or any part of the foregoing indebtedness, or in enforcing its rights in connection with any collateral therefor, or in enforcing this Guaranty, or in defending against any defense, counterclaim, setoff or crossclaim based on any act of commission or omission by the Lender with respect to the foregoing indebtedness, any collateral therefor, or in connection with any Repayment Claim (as hereinafter defined), *plus* (c) interest on the foregoing from and after demand from the Lender to the Guarantor for payment of the foregoing, at the Rates as set forth within the Factoring Agreement executed by TessPay Finance to Lender, dated even herewith (collectively, the "**Guaranteed Debt**").  In addition, the Guarantor hereby guarantees to the Lender the prompt, full and faithful performance and discharge by TessPay Finance of each of the terms, conditions, agreements, representations and warranties on the part of TessPay Finance contained in any agreement, or in any modification or addenda thereto or substitution thereof in connection with any of the Guaranteed Debt.

1. **GUARANTY**

The Guarantor guarantees the Guaranteed Debt.

The Guarantor's guarantee obligations shall come into effect any time when funds advanced by the Lender, or funds in which the Lender has an interest (collectively, the "Funds"), are used for a fraudulent purpose. A fraudulent purpose is herein defined as any use of Funds, by any director, officer, employee or associate of TessPay, for any purpose that is not approved by the Lender as per the Factoring Agreement in an intentionally fraudulent manner.

2. **WAIVER OF DEFENSES**

In case of the death of a Guarantor who is an individual, or in case of any bankruptcy, reorganization, debt arrangement or other proceeding under any bankruptcy or insolvency law, any dissolution, liquidation or receivership proceeding is instituted by or against either TessPay Finance or the Guarantor, or any default by the Guarantor of any of the covenants, terms and conditions set forth herein, all of the Guaranteed Debt shall, without notice to anyone, immediately become due or accrued and shall be payable, jointly and severally, by the Guarantor.  The Guarantor hereby expressly and irrevocably:  (a) waives, to the fullest extent possible, on Guarantor's behalf and Guarantor's successors and assigns (including any surety)

and any other person, any and all rights at law or in equity to subrogation, reimbursement, exoneration, contribution, indemnification, set off or to any other rights that could accrue to a surety against a principal, a guarantor against a maker or obligor, an accommodation party against the party accommodated, a holder or transferee against a maker, or to the holder of a claim against any person, and which the Guarantor may have or hereafter acquire against any person in connection with or as a result of the Guarantor's execution, delivery and/or performance of this Guaranty, or any other documents to which the Guarantor is a party or otherwise; (b) waives any "claim" (as such term is defined in the United States Bankruptcy Code) of any kind against TessPay Finance, and further agrees that Guarantor shall not have or assert any such rights against any person (including any surety), either directly or as an attempted set off to any action commenced against the Guarantor by the Lender or any other person; and (c) acknowledges and agrees (i) that foregoing waivers are intended to benefit the Lender and shall not limit or otherwise affect the Guarantor's liability hereunder or the enforceability of this Guaranty, (ii) that TessPay Finance and its successors and assigns are intended third party beneficiaries of the foregoing waivers, and (iii) the agreements set forth in this paragraph and the Lender's rights under this paragraph shall survive payment in full of the Guaranteed Debt.

3. **APPLICATION OF PAYMENT**

All amounts received by the Lender on account of the Guaranteed Debt, from whatever source derived, shall be taken and applied by the Lender toward the payment of the Guaranteed Debt and in such order of application as the Lender may, in its sole discretion, from time to time elect. The Lender shall have the exclusive right to determine how, when and what application of payments and credits, if any, whether derived from TessPay Finance or any other source, shall be made on the Guaranteed Debt and such determination shall be conclusive upon the Guarantor.

4. **CONTINUING GUARANTY**

This Guaranty shall in all respects be continuing, and shall remain in full force and effect with respect to the Guarantor until: (i) written notice from the Lender to the Guarantor by United States certified mail of its discontinuance as to the Guarantor; or (ii) until all Guaranteed Debt created or existing before receipt of either such notice shall have been fully paid.  In case of the discontinuance of this Guaranty as to any Guarantor, this Guaranty shall nevertheless continue and remain in force against any other guarantor until discontinued as to such other guarantor as provided herein.  In the event of the death, incompetency or dissolution, as the case may be, of the Guarantor, this Guaranty shall continue as to all of the Guaranteed Debt theretofore incurred by TessPay Finance even though the Guaranteed Debt is renewed or the time of maturity of TessPay Finance's obligations is extended without the consent of the executors, administrators, successors or assigns of the Guarantor.

No compromise, settlement, release or discharge of, or indulgence with respect to, or failure, neglect or omission to enforce or exercise any right against any other guarantor shall release or discharge the Guarantor.

The Guarantor's liability under this Guaranty shall in no way be modified, affected, impaired, reduced, released or discharged by any of the following (any or all of which may be done or

omitted by the Lender in its sole discretion, without notice to anyone and irrespective of whether the Guaranteed Debt shall be increased or decreased thereby): (a) any acceptance by the Lender of any new or renewal note or notes of TessPay Finance, or of any security or collateral for, or other guarantors or obligors upon, any of the Guaranteed Debt; (b) any compromise, settlement, surrender, release, discharge, renewal, refinancing, extension, alteration, exchange, sale, pledge or election with respect to the Guaranteed Debt, or any note by TessPay Finance, or with respect to any collateral under Section 1111 or take any action under Section 364, or any other section of the United States Bankruptcy Code, now existing or hereafter amended, or other disposition of, or substitution for, or indulgence with respect to, or failure, neglect or omission to realize upon, or to enforce or exercise any liens or rights of appropriation or other rights with respect to, the Guaranteed Debt or any security or collateral therefor or any claims against any person or persons primarily or secondarily liable thereon; (c) any failure, neglect or omission to perfect, protect, secure or insure any of the foregoing security interests, liens, or encumbrances of the properties or interests in properties subject thereto; (d) the granting of credit from time to time by the Lender to TessPay Finance in excess of the amount, if any, to which the right of recovery under this Guaranty is limited (which is hereby expressly authorized); (e) any change in TessPay Finance's name or the merger of TessPay Finance into another corporation; (f) any act of commission or omission of any kind or at any time upon the part of the Lender with respect to any matter whatsoever, other than the execution and delivery by the Lender to the Guarantor of an express written release or cancellation of this Guaranty; or (g) the payment in full of the Guaranteed Debt.  The Guarantor hereby consents to all acts of commission or omission of the Lender set forth above and agrees that the standards of good faith, diligence, reasonableness and care shall be measured, determined and governed solely by the terms and provisions hereof.

In order to hold the Guarantor liable hereunder, there shall be no obligation on the part of the Lender, at any time, to resort for payment from TessPay Finance or to anyone else, or to any collateral, security, property, liens or other rights and remedies whatsoever, all of which are hereby expressly waived by the Guarantor.

The Guarantor hereby expressly waives diligence in collection or protection, presentment, demand or protest or in giving notice to anyone of the protest, dishonor, default, or nonpayment or of the creation or existence of any of the Guaranteed Debt or of any security or collateral therefor or of the acceptance of this Guaranty or of extension of credit or indulgences hereunder or of any other matters or things whatsoever relating hereto.

The Guarantor waives any and all defenses, claims and discharges of TessPay Finance, or any other obligor, pertaining to the Guaranteed Debt, except the defense of discharge by payment in full.  Without limiting the generality of the foregoing, the Guarantor will not assert, plead or enforce against the Lender any defense of waiver, release, discharge in bankruptcy, statute of limitations, res judicata, statute of frauds, anti-deficiency statute, fraud, incapacity, minority, usury, illegality or unenforceability which may be available to TessPay Finance or any other person liable in respect of any of the Guaranteed Debt, or any setoff available against the Lender to TessPay Finance or any such other person, whether or not on account of a related transaction. The Guarantor expressly agrees that the Guarantor shall be and remain liable for any deficiency remaining after foreclosure of any mortgage or security interest securing the Guaranteed Debt,

whether or not the liability of TessPay Finance or any other obligor for such deficiency is discharged pursuant to statute or judicial decision.

So long as this Guaranty is continuing, the Guarantor covenants and agrees to furnish to the Lender or its authorized representatives, as soon as available, and in any event, within 60 days after its filing, copies of the federal income tax returns of the Guarantor.

## 5. SECURITY

To secure payment of the Guaranteed Debt, the Guarantor grants to the Lender a security interest in all property of the Guarantor delivered concurrently herewith or which is now, or at any time hereafter in transit to, or in the possession, custody, or control of the Lender, and all proceeds of all such property.  The Guarantor agrees that the Lender shall have the rights and remedies of a secured party under the Uniform Commercial Code in effect in New York from time to time, with respect to all of the aforesaid property, including, without limitation thereof, the right to sell or otherwise dispose of any such property.  The Lender may, without demand or notice of any kind to anyone, apply or set off any balances, credits, deposits, accounts, moneys or other indebtedness at any time credited by or due from the Lender to the Guarantor against the amounts due hereunder and in such order of application as the Lender may from time to time elect.  Any notification of intended disposition of any property required by law shall be deemed reasonably and properly given if given in the manner provided by the applicable statute.  The Guarantor hereby assigns and transfers to the Lender any and all cash, negotiable instruments, documents of title, chattel paper, securities, certificates of deposit, deposit accounts other cash equivalents and other assets of the Guarantor in the possession or control of the Lender for any purpose.

THE GUARANTOR WAIVES EVERY DEFENSE, CAUSE OF ACTION, COUNTERCLAIM OR SETOFF WHICH THE GUARANTOR MAY NOW HAVE OR HEREAFTER MAY HAVE TO ANY ACTION BY THE LENDER IN ENFORCING THIS GUARANTY.  AS FURTHER SECURITY, ANY AND ALL DEBTS AND LIABILITIES NOW OR HEREAFTER ARISING AND OWING TO THE GUARANTOR BY TESSPAY FINANCE, OR TO ANY OTHER PARTY LIABLE TO THE LENDER FOR THE GUARANTEED DEBT, ARE HEREBY SUBORDINATED TO THE LENDER'S CLAIMS AND ARE HEREBY ASSIGNED TO THE LENDER.  THE GUARANTOR HEREBY AGREES THAT THE GUARANTOR MAY BE JOINED AS A PARTY DEFENDANT IN ANY LEGAL PROCEEDING (INCLUDING, BUT NOT LIMITED TO, A FORECLOSURE PROCEEDING) INSTITUTED BY THE LENDER AGAINST TESSPAY FINANCE.  THE GUARANTOR AND THE LENDER, AFTER CONSULTING OR HAVING HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL, EACH KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE IRREVOCABLY THE RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY SUCH LEGAL PROCEEDING IN WHICH THE GUARANTOR AND THE LENDER ARE ADVERSE PARTIES.  THIS PROVISION IS A MATERIAL INDUCEMENT TO THE LENDER GRANTING ANY FINANCIAL ACCOMMODATION TO TESSPAY FINANCE AND ACCEPTING THIS GUARANTY.

Should a claim (a "**Repayment Claim**") be made upon the Lender at any time for repayment of any amount received by the Lender in payment of the Guaranteed Debt, or any part thereof, whether received from TessPay Finance, the Guarantor pursuant hereto, or received by the Lender as the proceeds of collateral, by reason of: (i) any judgment, decree or order of any court or administrative body having jurisdiction over the Lender or any of its property; or (ii) any settlement or compromise of any such Repayment Claim effected by the Lender, in its sole discretion, with the claimant (including TessPay Finance), the Guarantor shall remain jointly and severally liable to the Lender for the amount so repaid to the same extent as if such amount had never originally been received by the Lender, notwithstanding any termination hereof or the cancellation of any note or other instrument evidencing any of the Guaranteed Debt.

The Lender may, without notice to anyone, sell or assign the Guaranteed Debt, or any part thereof, or grant participations therein, and in any such event each and every immediate or remote assignee or holder of, or participant in, all or any of the Guaranteed Debt shall have the right to enforce this Guaranty, by suit or otherwise for the benefit of such assignee, holder, or participant, as fully as if herein by name specifically given such right herein, but the Lender shall have an unimpaired right, prior and superior to that of any such assignee, holder or participant, to enforce this Guaranty for the benefit of the Lender, as to any part of the Guaranteed Debt retained by the Lender.

Unless and until all of the Guaranteed Debt has been paid in full, no release or discharge of any other person, whether primarily or secondarily liable for and obligated with respect to the Guaranteed Debt, or the institution of bankruptcy, receivership, insolvency, reorganization, dissolution or liquidation proceedings by or against the Guarantor or any other person primarily or secondarily liable for and obligated with respect to the Guaranteed Debt, or the entry of any restraining or other order in any such proceedings, shall release or discharge the Guarantor, or any other guarantor of the indebtedness, or any other person, firm or corporation liable to the Lender for the Guaranteed Debt.

## 6.  SUCCESSORS

All references herein to TessPay, TessPay Finance and to the Guarantor, respectively, shall be deemed to include any successors or assigns, whether immediate or remote, to such trust and any executors or administrators to such individual.

If this Guaranty contains any blanks when executed by the Guarantor, the Lender is hereby authorized, without notice to the Guarantor, to complete any such blanks according to the terms upon which this Guaranty is executed by the Guarantor and is accepted by the Lender.

## 7.  GOVERNING LAW

This Guaranty has been delivered to the Lender, and the rights, remedies and liabilities of the parties shall be construed and determined in accordance with the laws of the State of New York, in which State it shall be performed by the Guarantor.

**8. ENFORCEMENT**

TO INDUCE THE LENDER TO GRANT FINANCIAL ACCOMMODATIONS TO TESSPAY FINANCE, THE GUARANTOR IRREVOCABLY AGREES THAT ALL ACTIONS ARISING DIRECTLY OR INDIRECTLY AS A RESULT OR IN CONSEQUENCE OF THIS GUARANTY SHALL BE INSTITUTED AND LITIGATED ONLY IN COURTS HAVING SITUS IN THE STATE OF NEW YORK OR ANY OTHER LOCATION THAT THE LENDER CHOOSES.  THE GUARANTOR HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT LOCATED AND HAVING ITS SITUS IN THE STATE OF NEW YORK OR ANY OTHER LOCATION THAT THE LENDER CHOOSES, AND WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS.  THE GUARANTOR HEREBY WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS, AND CONSENTS TO THE SERVICE OF PROCESS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, DIRECTED TO THE GUARANTOR AT THE ADDRESS INDICATED IN THE LENDER'S RECORDS IN THE MANNER PROVIDED BY APPLICABLE STATUTE, LAW, RULE OF COURT OR OTHERWISE.  FURTHERMORE, THE GUARANTOR WAIVES ALL NOTICES AND DEMANDS IN CONNECTION WITH THE ENFORCEMENT OF THE LENDER'S RIGHTS HEREUNDER, AND HEREBY CONSENTS TO, AND WAIVES NOTICE OF THE RELEASE, WITH OR WITHOUT CONSIDERATION, OF TESSPAY FINANCE OR ANY OTHER PERSON RESPONSIBLE FOR PAYMENT OF THE GUARANTEED DEBT, OR OF ANY COLLATERAL THEREFOR.

Wherever possible each provision of this Guaranty shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Guaranty shall be prohibited by or invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Guaranty.

It is agreed that the Guarantor's liability is independent of any other guaranties at any time in effect with respect to all or any part of the Guaranteed Debt, and that the Guarantor's liability hereunder may be enforced regardless of the existence of any such other guaranties.

No delay on the part of the Lender in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by the Lender of any right or remedy shall preclude other or further exercise thereof, or the exercise of any other right or remedy.  No modification, termination, discharge or waiver of any of the provisions hereof shall be binding upon the Lender, except as expressly set forth in a writing duly signed and delivered on behalf of the Lender.

This Guaranty:  (i) is valid, binding and enforceable in accordance with its provisions, and no conditions exist to the legal effectiveness of this Guaranty as to the Guarantor; (ii) contains the entire agreement between the Guarantor and the Lender; (iii) is the final expression of their intentions; (iv) supersedes all negotiations, representations, warranties, commitments, offers, contracts (of any kind or nature, whether oral or written) prior to or contemporaneous with the execution hereof; and (v) has been duly authorized to be signed.  No prior or contemporaneous representations, warranties, understandings, offers or agreements of any kind or nature, whether

oral or written, have been made by the Lender or relied upon by the Guarantor in connection with the execution hereof.

The term "Guarantor" as used herein shall mean all parties signing this Guaranty, and the provisions hereof shall be binding upon the Guarantor, and each one of them, and all such parties, their respective executors, administrators, successors and assigns shall be jointly and severally obligated hereunder.  This Guaranty shall inure to the benefit of the Lender and its successors and assigns.

*[SIGNATURE PAGE FOLLOWS]*

___

**IN WITNESS WHEREOF**, the Guarantor has executed and delivered this Conditional Guaranty as of the date set forth above.

                                  **GUARANTOR:**

                                  _____
                                  **Jeff Mason**